**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2220**

SHARON FUNDERBURK; THOMAS FUNDERBURK,

　　　　　Plaintiffs - Appellants,

　　v.

CSX TRANSPORTATION, INC.

　　　　　Defendant - Appellee,

　　and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

　　　　　Defendants.

**No. 19-2278**

JOHN P. CANTWELL,

　　　　　Plaintiff - Appellant,

　　v.

CSX TRANSPORTATION, INC.,

　　　　　Defendant - Appellee,

　　and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2279**

---

ROBERT SHERR; KRISTI SHERR,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2280**

---

HARRY CROSBY,

Plaintiff - Appellant,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

2

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

       Defendants.

─────────────

**No. 19-2281**

─────────────

KAREN ANDERSON, as Personal Representative of The Estate of Leonard Anderson; KAREN ANDERSON,

       Plaintiffs - Appellants,

   v.

CSX TRANSPORTATION, INC.,

       Defendant - Appellee,

   and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

       Defendants.

─────────────

**No. 19-2282**

─────────────

CAROL BAUSINGER; SCOTT BAUSINGER,

       Plaintiffs - Appellants,

    v.

CSX TRANSPORTATION, INC.,

       Defendant - Appellee,

3

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

No. 19-2284

DOROTHY MIRANDA, as Personal Representative of The Estate of Richard Miranda; DOROTHY MIRANDA,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

No. 19-2290

CALVIN NESBIT; JANE NESBIT,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

4

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2291**

---

HARRY A. PLEXICO, JR.; MARGARET S. PLEXICO,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2292**

---

FARON WARWICK; DANA WARWICK,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

5

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2293**

---

JEANNE KNOECHEL WEST; JEANNE KNOECHEL WEST, as Trustee of the Jeanne Knoechel West Revocable Trust Under Agreement Dated May 20, 2013,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

---

**No. 19-2294**

---

WARREN BOYESON; CHRISTINE M. BOYESON,

Plaintiffs - Appellants,

v.

6

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

**No. 19-2296**

KARL HAGENMEYER; WILLETTE HAGENMEYER,

Plaintiffs - Appellants,

v.

CSX TRANSPORTATION, INC.,

Defendant - Appellee,

and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

Defendants.

**No. 19-2298**

DEMARIO BENJAMIN; KEROCHEDIA AMAKER,

Plaintiffs – Appellants,

v.

7

CSX TRANSPORTATION, INC.,

> Defendant - Appellee,

> and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

> Defendants.

------

**No. 19-2299**

------

RICHARD GREEN; TRACEY GREEN,

> Plaintiffs - Appellants,

> v.

CSX TRANSPORTATION, INC.,

> Defendant - Appellee,

> and

SOUTH CAROLINA ELECTRIC & GAS COMPANY; COUNTY OF LEXINGTON, SC,

> Defendants.

------

Appeals from the United States District Court for the District of South Carolina, at Columbia. J. Michelle Childs, District Judge. (3:15-cv-04660-JMC; 3:15-cv-04694-JMC; 3:15-cv-04695-JMC; 3:15-cv-04877-JMC; 3:15-cv-04887-JMC; 3:15-cv-04888-JMC; 3:15-cv-04892-JMC; 3:15-cv-04893-JMC; 3:15-cv-04894-JMC; 3:15-cv-04897-JMC; 3:15-cv-04898-JMC; 3:15-cv-04920-JMC; 3:15-cv-04922-JMC; 3:16-cv-01141-JMC; 3:16-cv-01143-JMC)

------

8

Submitted: January 19, 2021                    Decided: February 2, 2021

---

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

S. Jahue Moore, William H. Edwards, MOORE TAYLOR LAW FIRM, P.A., West Columbia, South Carolina, for Appellants. Michael N. Loebl, Elizabeth A. McLeod, FULCHER & HAGLER LLP, Augusta, Georgia; Evan Tager, Andrew Tauber, MAYER BROWN LLP, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises from Hurricane Joaquin, a historic storm that caused flooding to Appellants' properties. In their complaints (which were consolidated below and on appeal), Appellants alleged that Appellee CSX Transportation, Inc. ("CSX"), a freight railroad, was liable for that flooding. The district court granted summary judgment to CSX, finding that Appellants' claims were preempted by Section 10501(b) of the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 10501(b), which provides that the regulatory jurisdiction of the Surface Transportation Board over rail carrier transportation and tracks is "exclusive and preempt[s] the remedies provided under Federal or State law." The district court also denied Appellants' motion for reconsideration. We affirm.

On appeal, Appellants assert that the ICCTA preempts state law, including tort liability, only if such state law meaningfully interferes with CSX's railroad-specific operations. They contend that there is no preemption for state law liabilities for reasons wholly unrelated to railroad operations that do not unreasonably interfere with railroad operations or merely have an incidental effect. Specifically, Appellants allege that CSX's failure to perform routine maintenance on the culverts under an embankment where CSX's railroad tracks cross a river proximately caused the flood damage to their property.[*] Contending that culvert maintenance is not specific to rail carriers, Appellants argue that

_____

[*] Appellants' complaints contained numerous claims against several defendants. On appeal, they argue only that this narrow claim against CSX was improperly preempted.

10

CSX is liable under state law for such wrongdoing notwithstanding any incidental effect such liability may have on CSX's railroad operations. The Appellants further assert that, at the very least, they have proffered sufficient evidence to give rise to a genuine issue of material fact as to whether ICCTA preemption applies.

Assuming, without deciding, that Appellants are correct and that their claim is not preempted, we are still constrained to affirm the district court's order because Appellants failed to proffer admissible evidence in district court showing causation sufficient to survive summary judgment. Specifically, the only evidence offered that the lack of culvert maintenance caused or worsened the flooding damage was an expert opinion that the district court found "glaringly problematic," leading it to exclude the portion of the expert's opinion regarding "the life expectancy of the culverts and whether the culverts caused the flooding." *See Funderbunk v. CSX*, No. 3:15-cv-04660-JMC (D.S.C. PACER No. 233). Appellants do not address the exclusion of this evidence but instead contend that we do not have jurisdiction over CSX's alternative argument because CSX did not separately appeal the district court's failure to address this issue. Appellants aver that the district court rested its holding entirely on the preemption issue.

However, the district court did, in fact, expressly address the expert's opinion and its value in the summary judgment proceeding. In its text order denying Appellants' motion for reconsideration, the court noted that Appellants' argument that the court had failed to consider the expert's opinion regarding "debris removal and maintenance of the culverts" was without merit because the court had previously excluded the portion of the opinion "regarding maintenance of the culverts." (J.A. 249-50). Both the questions of

11

whether there was sufficient evidence to avoid summary judgment and whether the expert opinion was admissible in the proceeding were fully briefed and before the district court. Given that CSX's motion for summary judgment was granted in full, there was nothing for CSX to appeal. In addition, we are free to affirm on any reason that is apparent from the record. *MM ex rel. DM v. School Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002).

As discussed above, the only evidence relied upon by Appellants in district court in support of their claim that CSX's alleged failure to maintain the culverts resulted in damage to their property was the excluded opinion of their expert. On appeal, Appellants do not address the fact that the expert was excluded, cite to any other causation evidence, or provide any details as to why they were unable to do so. Thus, because Appellants failed to proffer any admissible evidence in district court to support the causation element of the only claim pursued on appeal, we conclude that the district court properly granted summary judgment to CSX. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (noting that plaintiffs cannot rest on "mere allegations" but "needed to present proper evidence establishing an issue of triable fact").

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*